UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HHN

| | |
|---|---|
| DAVID C. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 0613 |
| | ) |
| MICHAEL J. ASTRUE | ) Magistrate Judge |
| Commissioner of Social | ) Arlander Keys |
| Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 5, 2009, the Court issued a Memorandum Opinion and Order remanding David Anderson's case to the Commissioner of Social Security. Shortly thereafter, Mr. Anderson's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Anderson is the prevailing party, and the Commissioner does not dispute this. He does contend, however, that the government's position was substantially justified. Although "there is no presumption that

a prevailing party against the government will recover attorney's fees under the EAJA, the government bears the burden of proving that its position meets the substantially justified standard." *U.S. v. Hallmark Const. Co.* 200 F.3d 1076, 1079 (7th Cir. 2000). The government meets this burden "if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, however, the government has failed to meet its burden in both respects.

As the Court explained in its remand order, the ALJ's decision regarding Mr. Anderson's symptoms was inconsistent with SSR 96-7p, and therefore did not have a reasonable basis in the law. Rather than explore the reasons behind Anderson's conservative course of medical treatment, the ALJ "dr[e]w inferences" from this decision. SSR 96-7p expressly proscribes such a shortcut since there is no other way to ensure that the decision is grounded in the facts.

The ALJ's other omissions further highlight his lack of substantial justification for his decision: the ALJ neglected to explain how Mr. Anderson's ability to read or use the computer for 30 minutes at a time translated into the ability to hold a job; he discounted Mrs. Anderson's testimony without providing an adequate explanation for his decision to do so; he failed to

2

factor some of Mr. Anderson's limitations into his hypothetical; and he failed to consider the effect Mr. Anderson's pain medications would have on his ability to work.

The Commissioner, in his reply brief, argues that the Court's decision to remand was chiefly a result of the ALJ's failure to articulate the reasoning for his decisions. It should be clear, however, that the ALJ's substantive findings likewise failed because of the inadequate or inappropriate reasoning provided. The Court, therefore, finds that an award of fees is appropriate.

Turning to the question of what fees should be awarded, the Court notes that Mr. Anderson's attorneys initially sought to recover fees totaling $6,268.50. The request includes 34.3 hours of attorney time billed at the rates of $165.00/hour for 2007 and $170.00/hour for 2008; 1.9 hours of law clerk (with J.D.) time billed at the rate of $125.00/hour; and, 2.05 hours of paralegal time billed at $100.00/hour. In his reply in support of the fee petition, counsel seeks another 5.55 hours of attorney time billed at $170.00/hour and 1 hour of law clerk (with J.D.) time billed at $125.00/hour, bringing the total request to $7,337.00.

The Commissioner has challenged the reasonableness of both the rates charged and the time spent on certain tasks. With regard to the rates, the Commissioner challenges the $125.00/hour

rate charged for time billed by counsel's law clerk, Ms. Blaz, arguing that the rate is too high for work that was, essentially, clerical in nature. Initially, as counsel has evidenced, in 2005, paralegals with a comparable level of experience billed hourly rates of up to $155.00. Thus, the Court finds Ms. Blaz's hourly rate of $125.00 to be reasonable – especially given that her J.D. and six years of experience suggest that she is likely more efficient and effective in her work than clerks without such credentials. Nonetheless, this Court agrees with the Commissioner that it is inappropriate to request fees for time spent on clerical tasks. *See Spegon v. Catholic Bishop of Chi.*, 173 F.3d 544, 553 (7th Cir. 1999)(affirming a decision to reduce fees requested for tasks "that [we]re easily delegable to non-professional assistance"); *Thomas ex rel. Smith v. Sheahan*, 566 F.Supp.2d 861, 889 (N.D. Ill. 2008)(reducing fees for work that was purely ministerial in nature). Because some of the time accounted for on counsel's time log included such clerical work, the court will disallow .8 hours of 2008 attorney time, .55 hours of law clerk time, and 1.25 hours of paralegal time for a total reduction of $329.75.

The Commissioner next argues that some of the time charged was duplicative and should, therefore, be disallowed. Specifically, the Commissioner challenges the 8.7 hours Attorney

4

Daley spent providing feedback to the 22.6 hours Attorney Jones spent on the initial and reply briefs filed in support of summary judgment. The records suggest that Mr. Daley provided feedback to Ms. Jones and then she spent time making the adjustments and changes he recommended. Billing for such collaborative work is appropriate. *See Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871 at *2 (N.D. Ill. Feb. 3, 2004) (explaining that the "joint effort" of a senior attorney guiding a junior attorney was properly included in a petition for fees). Notably, Daley billed only for his time for all of the discussions he had with Jones, which highlights the reasonable nature of his hourly billing. *See Kastman v. Barnhart*, No. 01 C 150, 2002 WL 31163748 at *2 (N.D. Ill. Sept. 30, 2002)(noting that "it is acceptable for an attorney to bill for the time he spent supervising a law clerk, and many attorneys would have billed for their own time plus the time of the law clerk"). However, because Daley's time spent reviewing and discussing the favorable remand order was unnecessary, the court will disallow the 1 hour of attorney time billed for that. In addition, the Court agrees with the Commissioner that billing for time spent filing for an extension of time is inappropriate and will disallow the .2 hours of law clerk time accordingly.

Further, the Court finds that the additional time requested

for completing the reply in support of the fee application is excessive. 5.55 hours of attorney time and 1 hour of law clerk time is inappropriate for a 13 page reply that included many of the same arguments and cited to many of the same cases as the original petition. Accordingly, the Court will reduce the attorney time by 2 hours and the law clerk time by .5 hours.

The Court will allow counsel to recover fees for the remainder of the time billed. In total, the Court will allow counsel to recover 1 hour of attorney time billed at the rate of $165.00/hour, 35.05 hours of attorney time billed at the rate of $170.00/hour, 1.65 hours of law clerk time billed at the rate of $125.00/hour, and .8 hours of paralegal time billed at the rate of $100.00/hour. This brings the total fee award to $6,409.75.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Anderson and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees to Frederick J. Daley in the amount of $6,409.75.

Dated: September 16, 2009                ENTER:

/s/ Arlander Keys<br>
ARLANDER KEYS<br>
United States Magistrate Judge