UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID C. ANDERSON,                )
                                  )
            Plaintiff,            )
                                  )
       v.                         )   Case No. 08 CV 613
                                  )
MICHAEL J. ASTRUE,                )   Magistrate Judge
Commissioner of Social            )   Arlander Keys
Security,                         )
                                  )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER

On March 5, 2009, the Court issued a Memorandum Opinion and Order remanding David Anderson's case to the Commissioner of Social Security (the "Commissioner") for a second time. Shortly thereafter, counsel for Mr. Anderson petitioned the Court, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of $7,337.00 in attorney's fees and costs. This Court granted counsel's Petition, in part, awarding him $6,409.75[1] in fees and costs. See Anderson v. Astrue, No. 08 CV 613 (N.D. Ill. Sept. 16, 2009).

On March 12, 2010, Plaintiff subsequently prevailed on remand. The Administrative Law Judge issued a favorable decision, and the Commissioner awarded Mr. Anderson $127,778.50 in total past-due benefits. On June 24, 2010, Mr. Anderson's

---

[1] Notably, an "award of fees under §406(b) is offset or reduced by the fees already paid to the attorney under the EAJA." Santino v. Astrue, NO. 06 CV 75, 2009 WL 1076143, at*2 (N.D. Ind. April 20, 2009).

counsel filed a Petition for Attorney Fees, pursuant to § 206(b)(1) of the Social Security Act. Section 206(b)(1) of the Social Security Act permits the Court to award a reasonable fee for work, in an amount not to exceed 25% of the past-due benefits awarded in a judgment in the claimant's favor. The contingency fee contract signed by Mr. Anderson authorizes the Social Security Administration to withhold 25% of the past-due benefits awarded to him. See Ex. B to Petition For Attorney's Fees Pursuant to §206(b)(1). This contract forms the foundation for counsel's petition for 25% of Mr. Anderson's $127,778.50 award, or $31,944.63[2].

The Commissioner opposes the Petition, arguing that it represents a windfall to counsel. The Commissioner notes that this Court has recognized only 32.5 hours of compensable attorney time in this case, and that the award sought by counsel would compensate him at a rate of $982.91 per hour. First, when it granted counsel's EAJA petition, the Court actually allowed 36.05 hours of attorney time, plus 1.65 hours of law clerk time and another .8 hours of paralegal time, for a total of 38.50 hours of time. But, more importantly, because this is a contingent fee case, the number of hours spent is, essentially, irrelevant –

---

[2] Plaintiff's counsel's initial brief incorrectly requested $31,994.63, which exceeds 25% of the past due benefits award. When the Government highlighted the error, Plaintiff's counsel corrected the typo.

especially where, as here, the Court has already determined that the time spent was reasonable.

The Social Security Act provides that the fees charged by claimant's counsel must be "reasonable" and may not exceed 25% of the past due benefits. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002), the United States Supreme Court held that contingency fee agreements shall be used as the primary means to calculate attorney's fees. 535 U.S. at 800, 807. The *Gisbrecht* Court determined that "although Congress intended to protect claimants from 'inordinately large fees,' nothing demonstrates a congressional intent to discourage attorneys and claimants from contingency agreements." *Santino v. Astrue*, 2009 WL 1076143, at *3 (N.D. Ind. April 20, 2009) quoting *Gisbrecht*, 535 U.S. at 790-91 (stating that Congress likely meant to contain, not prohibit contingency agreements).

As counsel for Mr. Anderson correctly points out, courts in this district have long recognized the value of the contingent fee arrangements. As Judge Shadur noted in *Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988),

> [e]ven the greatest lawyers lose cases as well as win them—and it would certainly seem that a universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe.

Because of this, and because of the written agreement between counsel and Mr. Anderson, the Court will grant the petition for fees filed by Daley, DeBofsky & Bryant. The Court will, however, deduct the amount previously awarded to counsel under the EAJA; allowing counsel to recover both would, indeed, amount to a windfall.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Anderson and awards fees and costs as requested, except to the extent explained above. The Court awards fees and costs in the amount of $25,534.88, to be paid directly to Mr. Anderson's counsel, Daley, DeBofsky & Bryant.

Dated: January 27, 2011

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge